UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY RAY VICKNAIR, SR., ET AL.

VERSUS

LM GENERAL INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 19-00003-BAJ-EWD

**<u>NOTICE AND ORDER</u>**

On November 9, 2018, plaintiffs, Anthony Ray Vicknair, Sr., Heidi Vicknair Viola, and Anthony Ray Vicknair, Jr. ("Plaintiffs") filed a Petition for Damages against LM General Insurance Company, Robert DeAngelo, CB&I, LLC, McDermott, Inc., and State Farm Mutual Automobile Insurance Company ("Defendants") asserting wrongful death and survival actions as the result of the death of Tena Hayden. CB&I, LLC ("CB&I") thereafter filed a Notice of Removal based on the assertion that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.[1]

CB&I adequately alleges the citizenship of the individual parties,[2] and of LM General Insurance Company, McDermott, Inc., and State Farm Mutual Automobile Insurance Company[3] in the Notice of Removal. However, with respect to CB&I's citizenship, the allegations set forth in the Notice of Removal are inadequate. Per the Notice of Removal, CB&I is a limited liability company which is "domiciled in and has its principal place of business in Houston, Texas."[4] To properly allege the citizenship of a limited liability company or other type unincorporated

---

[1] R. Doc. 1, ¶ 7.

[2] CB&I alleges that Plaintiffs are domiciled in Louisiana and that Robert DeAngelo is domiciled in Mississippi. R. Doc. 1, ¶¶ 1 & 6.

[3] CB&I alleges that LM General Insurance Company is incorporated in New Hampshire and has its principal place of business in Texas and that McDermott, Inc. is "domiciled in Wilmington, Delaware and has its principal business office in Houston, Texas." R. Doc. 1, ¶¶ 3 & 4. With respect to State Farm Mutual Automobile Insurance Company, the Notice of Removal asserts that State Farm "is a mutual company domiciled in and having its principal place of business in Bloomington, Illinois." R. Doc. 1, ¶ 5.

[4] R. Doc. 1, ¶ 2.

1

association, a party must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[5] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[6]

Accordingly,

**IT IS HEREBY ORDERED** that CB&I, LLC shall file, within fourteen (14) days of this Notice and Order, a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of CB&I, LLC. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on January 3, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[6] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).